# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1782

_____

| | | |
|---|---|---|
| Holly Carlson, formerly known as Holly Ethel, | * * * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| ACH Food Companies, Inc., doing business as Tones Spices, | * * | [UNPUBLISHED] |
| | * * | |
| Appellee. | * | |

_____

Submitted: October 17, 2008
Filed:  November 24, 2008

_____

Before GRUENDER, BEAM and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Holly Carlson filed suit against her former employer ACH Food Companies, Inc., doing business as Tone's Spices ("Tone's"), in Iowa state court. Carlson alleged that Tone's terminated her employment in retaliation for her seeking workers' compensation benefits, which would constitute a wrongful discharge in violation of

Iowa public policy. Tone's removed the case to federal court. The district court[1] granted Tone's motion for summary judgment, and Carlson appealed. We affirm the grant of summary judgment.

Carlson began working at Tone's in 1992. In 2003, Carlson began to experience chest pains and, based on the recommendation of her doctor, stopped working at Tone's because of her pain. Tone's informed her that it considered her absence as leave under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*. Carlson asserted a workers' compensation claim in May 2003. Tone's had a light duty work program for employees who could not fulfill the physical requirements of their normal job duties and invited Carlson to return to work in the light duty program on several occasions. Initially, because Carlson had not received a medical release, she was not eligible for light duty work under the collective bargaining agreement. However, in November 2003, Dr. Donna Bahls examined Carlson and stated that Carlson could return to light duty work at Tone's. Carlson did not do so.

While Carlson was on leave from Tone's, Tone's learned that she was working for Dr. Gregory Peterson, her treating physician. On May 3, 2004, William Nelson, Tone's labor relations and security manager, sent a letter to Carlson informing her that Tone's "could only assume that [Carlson] voluntarily relinquished" her position with Tone's because she had "accepted other employment" while not responding to Tone's "consistent" offers of work. Carlson responded that she had not returned to work at Tone's because she never received a medical release from her doctor. On July 6, 2004, Nelson again wrote to Carlson and reiterated that her employment had ended on May 3, 2004.

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Carlson then filed suit, alleging that Tone's terminated her employment in retaliation for claiming workers' compensation benefits. The district court granted summary judgment in favor of Tone's, finding that Carlson failed to raise a genuine issue of material fact as to whether there was a causal connection between her filing of a workers' compensation claim and her discharge. *See Fitzgerald v. Salsbury Chem., Inc.*, 613 N.W.2d 275, 281 (Iowa 2000) (noting that "a causal connection between the conduct and the discharge" is one of the elements of an action to recover damages for discharge in violation of public policy under Iowa law). Carlson appealed, arguing that she had wanted to return to work, that Tone's failed to compare her duties at Dr. Peterson's office with her duties at Tone's, and that supervisors made snide remarks after a previous work-related injury.

"We review a grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party." *Smith v. Int'l Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008). After a thorough review of the record, we agree with the district court that Carlson failed to offer sufficient evidence from which a reasonable jury could conclude that Tone's terminated her employment in retaliation for her filing a workers' compensation claim. For the reasons stated in the district court's thorough and well-reasoned opinion, we affirm. *See* 8th Cir. R. 47B.[2]

——————————————

[2]Carlson also argues that the district court erred by not addressing Tone's arguments that her claims were preempted under § 301 of the Labor Management Relations Act and that as a union employee she could not assert a public policy discharge claim. Because we agree with the district court's conclusion that Carlson failed to make a submissible prima facie case, we need not address Tone's alternative arguments.